## SOLOMON BELL
### *v.*
## GEORGE F. DART.

1. JUSTICES OF THE PEACE—*continuance for want of service—what is the commencement of a suit.* Since the act of 1857, the only mode by which a case before a justice of the peace can be continued for want of personal service of the summons, is by leaving a copy of the summons at the residence of the defendant, with some member of his family above the age of ten years, and informing such person of the contents thereof. When that is done, if the defendant fails to appear on the return day, the cause will be continued and an *alias* summons issued, and so on until the defendant shall appear or be personally served.

2. When that course is pursued, the issuing of the first summons will be regarded as the commencement of the suit; but if the first summons, not being personally served, is not served by a copy left at the defendant's residence, there is no authority in the justice to continue the case, and issue an *alias*, as such, and, the defendant not appearing, the case must go out of court.

3. In that case, the bar of the statute of limitations might become complete between the time of issuing the summons not served in any mode, and the time of issuing another, in respect to which the act of 1857 is complied with.

APPEAL from the Circuit Court of Livingston county; the Hon. CHARLES H. WOOD, Judge, presiding.

The opinion states the case.

Messrs. GLOVER & COOK, for the appellant.

Mr. JOHN CLARK, for the appellee.

Mr. CHIEF JUSTICE LAWRENCE delivered the opinion of the Court:

This was a suit before a justice of the peace, in which the first summons was issued September 31, 1869, and returned not

served. An *alias* was issued October 13, and returned not served. A third summons was issued October 25, and served by copy, under the statute of 1857. A fourth was issued November 8, and served on the defendant in person. The statute of limitations barred the cause of action, on the twentieth of October, 1869, and the only question in the case is, whether this suit, which came to trial, is to be considered as having been commenced when the first summons was issued. The docket of the justice shows that, on the return day of the first summons, the plaintiff appeared and moved for an *alias*, and also on the return of the second and third writs.

But for the act of 1857, we might hold that, under the twenty-seventh section of the statute of "Justices and Constables," the justice had power to continue a case in which there had been no service, and issue an *alias* summons, the second summons being considered as strictly an *alias*, and not as the commencement of a new suit. But in 1857, the legislature passed an act, page 405 Gross, secs. 105–6, authorizing service by leaving a copy at the residence of the defendant, when he could not be personally served, and then authorizing the magistrate not to try the case, if the defendant should not appear on the return day, but to continue the cause and issue an *alias* summons, and so on until the defendant shall appear, or be personally served. We must construe this act as pointing out the mode, and, by clear implication, the only mode, in which a case before a justice can be continued for want of personal service. There must be first, a copy left with a member of the defendant's family, so that on being informed thereof, he may appear and avoid further costs. Perhaps the legislature may have enacted this law, in order to prevent the making of unnecessary costs in trifling cases, by the issue of one summons after another, without any attempt to secure service. But whatever the motive for its adoption, it is in the statutes and we must apply its provisions. In so doing, we are constrained to say, that it points out the mode by which a justice

can issue an *alias* summons, and as it has no other purport, we must hold the legislature, in passing a law for this express purpose, designed that the way prescribed by that law should be the only mode by which this can be done. Counsel for appellant suggest no other view of this law, and none other occurs to us.

In this view, the first and second writs were nullities from want of service, and the suit is to be considered as having been commenced with the third summons, which did not save the statute of limitations.

*Judgment affirmed.*